IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 16, 2025 Session

## KELLY M. ET AL. V. AGNESS M.[1]

**Appeal from the Chancery Court for Washington County**
**No. 24-AD-0225     Suzanne Cook, Judge**

_____

**No. E2025-00920-COA-R3-CV**

_____

Because no final order has been entered in the underlying trial court proceedings, this Court lacks jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, C.J.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Agness M., Hercules, California, Pro Se Appellant.

Sandy Phillips, Johnson City, Tennessee, for the appellees, Kelly M. and Benjamin M.

### MEMORANDUM OPINION[2]

The *pro se* appellant, Agness M. ("Appellant"), filed a notice of appeal with this Court in June 2025, which states that Appellant is appealing  the May 29, 2025 order of

---

[1] Although Appellant states in her notice of appeal that this is a civil case, it is clear based on documentation provided to this Court by the Trial Court Clerk that this is an appeal stemming from a termination of parental rights proceeding filed against Appellant.  As such, in cases involving a juvenile, this Court's policy is to use only the first name and last initial of the parties involved in order to protect the privacy of the minor child or children.  Therefore, this Court has modified the style of this appeal to further such purpose.

[2] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the Washington County Chancery Court ("the Trial Court"). The Trial Court Clerk notified this Court that no final judgment has been entered in this case and that trial on the petition to terminate Appellant's parental rights is scheduled for July 18, 2025. The Trial Court Clerk also provided this Court with a copy of the May 29, 2025 order. In its May 29, 2025 order, the Trial Court denied and dismissed Appellant's "Motion for Chancery Court Judge to Dispose of Agness Pending Motions to Vacate The Psychological Evaluation, Parenting Assessment and April 26th 2023 Order Pursuant to T.C.A. § 36-1-116(f)(1)." Subsequently, the Trial Court entered another order that reflects this matter remains scheduled for trial on July 18, 2025.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on June 25, 2025, directing Appellant to show cause why this appeal should not be dismissed for lack of a final judgment. Appellant has not responded to this Court's show cause order.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The trial in the underlying proceedings has not yet occurred, and the order Appellant is seeking to appeal is not final. Because no final judgment has been entered by the Trial Court from which Appellant can appeal, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Agness M., for which execution may issue.

**PER CURIAM**